IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JASON GRAHAM                                                                                           PLAINTIFF

v.                                          Case No. 4:21-cv-01149-KGB

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                              DEFENDANT

**ORDER**

Before the Court are the Findings and Recommendation ("Recommendation") submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 19). For the following reasons, the Court adopts the Recommendation.

### I.      Judge Harris' Recommendation

Judge Harris recommends affirming the Commissioner's determination regarding plaintiff Jason Graham's claims for both disability insurance benefits and supplemental social security income and dismissing with prejudice Mr. Graham's complaint (Dkt. No. 19, at 14). Mr. Graham filed timely objections to Judge Harris's Recommendation (Dkt. No. 20).

After careful consideration of the Recommendation and the objections, as well as a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 19). The Court dismisses with prejudice Mr. Graham's complaint (Dkt. No. 1). The Court writes to address some of Mr. Graham's objections.

### A.     Procedural Background

On October 30, 2019, an Administrative Law Judge ("ALJ") denied Mr. Graham's claim for disability insurance benefits and supplemental social security income (Dkt. No. 12-12, at 120, 135). The Appeals Council vacated the ALJ's October 30, 2019, decision on September 23, 2020,

and remanded Mr. Graham's case with instructions for further review (*Id.*, at 148–152). Following the Appeals Council's September 23, 2020, decision, the ALJ issued an August 17, 2021, decision denying Mr. Graham's claim for disability insurance benefits and supplemental social security income (Dkt. No. 12-10, at 2–18). Mr. Graham chose not to submit written objections to the Appeals Council regarding the ALJ's August 17, 2021, decision, choosing instead to file this lawsuit (Dkt. No. 19, at 11 n.4). As a result, the ALJ's August 17, 2021, decision became the final decision of the Commissioner and is the subject of this lawsuit (*Id.*).

### B. Discussion

Mr. Graham takes issue with Judge Harris's Recommendation because the Recommendation finds that the ALJ's August 17, 2021, determination was supported by substantial evidence (Dkt. No. 20). Mr. Graham identifies two areas of concern involving the ALJ's formulation of Mr. Graham's residual functional capacity ("RFC"). Mr. Graham claims: (1) "the ALJ failed to explain why the agency physicians' opinions regarding Graham's upper extremity limitations were rejected" and (2) the ALJ's RFC determination relied on a medical expert—Dr. Goldstein—who Mr. Graham claims offered inconsistent and inherently unreliable testimony regarding Mr. Graham's upper extremity limitations (*Id.*, at 2).

In considering Mr. Graham's objections, the Court notes that the scope of its review in a Social Security appeal "is narrow." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The Court "must determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Sultan v. Barnhart*, 368 F.3d 857, 862–63 (8th Cir. 2004). Substantial evidence is "less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* (internal quotations and citations omitted). To determine whether the evidence is substantial, courts consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it.  *Id.*  "If, after reviewing the record, the court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the Commissioner's decision." *Pearsall*, 274 F.3d at 1217.  "Even if [that Court] would have weighed the evidence differently, [it] must affirm the denial of benefits if there is enough evidence to support the other side."  *Id.*

### 1. Rejection Of Agency Physician Opinions

Mr. Graham claims that "the ALJ erred [in the August 17, 2021, decision] by disregarding the Remand Order from the Appeals Council that directed the ALJ to properly evaluate the State-agency physician opinions of Graham's capacities" in making an RFC determination (Dkt. Nos. 14, at 4; 20 at 1–2).  Mr. Graham argues that Judge Harris "did not employ the correct legal standard or properly address" this issue (Dkt. No. 20, at 3).

The Appeals Council's September 23, 2020, remand order required the ALJ to, among other things, "[g]ive further consideration to the non-treating source opinions pursuant to the provisions of 20 CFR 404.1527 and 416.927, and explain the weight given to such opinion evidence." (Dkt. No. 12-12, at 151).  Specifically, the Appeals Council's September 23, 2020, remand order required the ALJ to reevaluate the assessments of the State agency medical consultants to which the ALJ had originally assigned "little weight" in making the October 30, 2019, determination about Mr. Graham's RFC (Dkt. Nos. 12-2, at 151; 14, at 6).  In the August 17, 2021, determination following the Appeals Council's decision, the ALJ accorded the State agency medical consultants "some weight because the physicians thoroughly evaluated the objective medical evidence available at the time. . . ." (Dkt. No. 12-10, at 16).  The ALJ then clarified, "[however,] since the 2011 assessments, the record has been updated with a great deal of

additional evidence and testimony" (*Id.*). Mr. Graham takes issue with the fact that the August 17, 2021, decision's language allegedly mirrored the October 30, 2019, decision where the ALJ gave "light weight to the findings of the State agency consultants" because of the amount of time that had passed between the State agency consultants' observations and the proceedings (Dkt. Nos. 12-12, at 132; 20, at 1–2).

Mr. Graham characterizes as flawed Judge Harris's conclusion that the ALJ's August 17, 2021, determinations were supported by substantial evidence in the record as a whole, criticizing Judge Harris's need "to base her conclusion on a 'fair reading'" of the ALJ's August 17, 2021, decision (Dkt. No. 20 at 2). Mr. Graham maintains that the ALJ failed to follow the "Appeals Council's express instructions to provide a rationale for failing to include additional upper extremity limitations as part of the RFC" (*Id.*). Mr. Graham further argues that Judge Harris had "to discern [through a 'fair reading'] how or why the ALJ rejected" the State agency consultants' observations, allowing Judge Harris "to supplant her own opinion" and interpreted "what the ALJ meant or should have stated in his decision regarding this issue" (*Id.*).

Judge Harris found that the record as a whole demonstrated that the ALJ's August 17, 2021, decision was supported by substantial evidence, explaining that:

> A fair reading of the [ALJ's] decision [shows] that the ALJ is citing some of the additional evidence and testimony which demonstrated why the details of the 2011 assessments did not find their way into the RFC determination. In addition, the ALJ explained that Graham underwent right carpal tunnel release five years after the 2011 state agency assessments, and that Graham chose not to undergo a left-hand surgery. The ALJ also noted the absence of any recent medical treatment for carpal tunnel syndrome. These citations address the concerns voiced in the remand order, and the Court finds no error in the ALJ's compliance with the Appeals Council's directives.

(Dkt. No. 19, at 10–11). The Court finds no fault with this "fair reading" with which Mr. Graham takes issue because Judge Harris applied the standard required in a Social Security appeal. *See*

*generally Sultan*, 368 F.3d at 862–63.  Judge Harris looked to the whole record and determined that "a reasonable mind would find it adequate to support" the weight the ALJ assigned the State agency consultants.  *Id.*

The Court, having reviewed the record *de novo*, agrees with the analytical process employed and conclusion reached by Judge Harris.  The ALJ's August 17, 2021, decision, which stands as the final decision of the Commissioner, cited additional evidence, testimony, and details demonstrating why greater consideration of the State agency consultants' determinations did not change the outcome in this case (*Compare* Dkt. Nos. 12-10, at 12–16, 41–43 (ALJ's August 17, 2021, determination) *with* Dkt. No. 12-12, at 129–133 (ALJ's October 30, 2019, determination)).  The Court declines to reject Judge Harris's Recommendation based on Mr. Graham's first objection.

### 2. Reliance On Dr. Goldstein's Testimony

Mr. Graham also takes issue with the Recommendation's approval of what Mr. Graham describes as the ALJ's reliance on Dr. Goldstein's "inconsistent and inherently unreliable testimony regarding [Mr. Graham's] upper extremity limitations" (Dkt. No. 20, at 1).  Specifically, Mr. Graham argues that Dr. Goldstein's 2021 testimony to the ALJ was inconsistent with the doctor's prior testimony because, according to Mr. Graham, Dr. Goldstein changed his testimony involving handling and fingering capacities (*Id.*).  Mr. Graham takes issue with the Recommendation "overlook[ing]" this inconsistency, arguing that "the unresolved issue regarding Dr. Goldstein's changed testimony [around Mr. Graham's] handling and fingering capacities

constituted a primary question as to whether the ALJ's basis for the RFC was supported by substantial evidence" (Dkt. No. 20, at 3).[1]

Mr. Graham's second objection mirrors a central argument contained in his appeal brief (*See* Dkt. No. 14, at 10–14). Judge Harris addressed this concern in her Recommendation, citing *Pearsall v. Massanari*, 274 F.3d 1211 (8th Cir. 2001), for the proposition that the ALJ is required "to determine a claimant's RFC based on **all relevant evidence**, including medical records, observations of treating physicians and others, and claimant's own descriptions of his [or her] limitations" (Dkt. No. 19, at 12 (quoting *Pearsall*, 274 F.3d at 1217 (emphasis added))). Judge Harris continued:

> In reaching his RFC determination, the ALJ was not obliged to fully adopt Dr. Goldstein's opinion, or the opinion of any other medical care provider. Rather, the ALJ is tasked ***with a global assessment***, taking into account the various relevant factors. Here, the ALJ considered all the medical evidence, Graham's daily activities, the opinion of Dr. Goldstein and the state agency experts, and Graham's subjective statements. ***This approach was appropriate***. The RFC conclusion reached by the ALJ differed somewhat from the opinion offered by Dr. Goldstein, and differed somewhat from the opinions of the state agency experts. ***The question is not whether the ALJ mirrored a particular opinion, but whether substantial evidence supports the ALJ's RFC finding***. Such evidence exists in this case. The ALJ thoroughly addressed the relevant factors, including the reasons why he did not include greater manipulative limitations on Graham.

---

[1] The Court notes, as did Judge Harris, that Dr. Goldstein reviewed additional medical records in preparation for his 2021 testimony compared to his 2019 appearance (*Compare* Dkt. No. 12-11, at 21 *with* Dkt. No. 12-11, at 53). Furthermore, the Court points out that the ALJ assigned less weight to Dr. Goldstein's 2021 testimony than the ALJ assigned to Dr. Goldstein's 2019 testimony (*Compare* Dkt. Nos. 12-10, at 16 (ALJ giving "some weight" to Dr. Goldstein's 2021 testimony) *with* Dkt. No. 12-12, at 132 (ALJ giving "great weight" to Dr. Goldstein's 2019 testimony)). Lastly, in addition to the arguable inconsistencies pointed out by Mr. Graham, Dr. Goldstein did have consistent observations between his two appearances. For example, in 2019, Dr. Goldstein testified: "I don't think [Mr. Graham would] be able to climb ladders, ropes, or scaffolds. I would think he would occasionally be able to climb ramps and stairs. And all the other posturals, I think, would be on an occasional basis" (Dkt. No. 12-11, at 25–26). In 2021, Dr. Goldstein similarly stated: "I don't think that [Mr. Graham] would be able to climb ladders, ropes, or scaffolds, but I think the other postural would be limited to occasional" (*Id.*, at 57).

(Dkt. No. 19, at 12 (emphasis added)).  Having reviewed the record *de novo*, the Court agrees with Judge Harris's conclusion.  The Court's limited role in the instant action is to determine whether substantial evidence supports the ALJ's RFC finding.  *Sultan*, 368 F.3d at 862–63; *Pearsall*, 274 F.3d at 1217.  The Court has reviewed Dr. Goldstein's 2019 and 2021 testimony, as well as the record *de novo* (*see generally* Dkt. No. 12-11, at 22–30; 52–61).  That testimony, considered in conjunction with the whole record, supports the ALJ's RFC determination.  Substantial evidence supports the Commissioner's final decision and Judge Harris's Recommendation.

## II.     Conclusion

For these reasons, the Court adopts Judge Harris's Recommendation as this Court's findings in all respects (Dkt. No. 19).  The Court affirms the Commissioner's decision and dismisses with prejudice Mr. Graham's complaint (Dkt. No. 2).

So ordered this 20th day of March, 2023.

_____
Kristine G. Baker
United States District Judge